Stanard, J.
Passing by the objections to the recovery founded on the suggested discrepancy between the claim asserted in the bill and that for which the decree *404 was rendered; passing by, too, the objection that Keat- . ........ . . mg could not maintain his claim against the ship owners alone, for the whole amount which ought to have been contributed by them and the owners of the cargo; two quesj¿ons ariSe 0n the merits of the claim: 1. Were Kea,ting's goods shipped on deck in conformity with the contract of affreightment? And. 2. if they were, and have been lost by a justifiable jettison of them, are the shippers of them entitled to the benefit of general average ? The evidence, if it be admissible, is full and satisfactory, that the goods were shipped as a deck load ; and there is no doubt that the jettison was justifiable under the circumstances. It is however objected, that the evidence to prove that the goods were shipped as a deck load, is inconsistent with, or explanatory of, the bill of lading, and that such evidence is inadmissible. The evidence is not, in my opinion, inconsistent with the bill of lading. That neither affirms nor disaffirms that the goods were shipped as a deck load; and my impression is, that the utmost it can avail the shipper, is to cast on the ship owner the burden of proof, that the stowing of the goods on deck was justifiable. But furthermore, if the bill of lading was of more effieacy, clear extrinsic proof, that it was signed by mistake, and that the actual agreement was, that the goods should be taken and stowed on deck, would be admissible; and such proof being offered would repel the claim founded on a paper so signed. It would be but the common ease of a mistake committed in reducing an agreement to writing; a mistake, from whieh a court of equity would relieve, even if the party were asking its aid for the purpose; a fortiori would the court withhold its aid to enforce such contract according to its letter, in disregard of the proof of the mistake.
The general rule of the maritime law seems to be well established, that goods stowed on deck and lost by jettison, are not entitled to general average. Abbott on *405 Ship. 345. 3 Kent’s Comm. 240. Valin, Tom. 2. p. 303. to which may be added the cases of Smith v. Wright in New York, Dodge v. Bartol in New Hampshire, Barber v. Brace in Connecticut, and The brig Thaddeus in Louisiana. And there are no decisions bringing the genera] rule in question. The exception which seems to prevail in some of the coasting trade of France, docs not apply in this case. No such exception is admitted in respect to the coasting trade of England; and the cases before referred to shew, that it has not been admitted by the judicial decisions of other states of the Union in respect to the coasting trade of the U. States. The kind of lading and navigation, in which the exception is allowed in France^, differs essentially from the lading and navigation of our coasting trade. In the former, no distinction is made in. the freight, and the master, under the usage, has the discretion to put any part of the lading on deck which he thinks proper, without special contract and without incurring any responsibility for so doing. Our coasting trade navigates hundreds of miles in the main ocean, and is exposed to all sea risks.
I concur, that the decree is to be reversed and the bill dismissed.
Cabell, J. concurred. Decree reversed, and bill dismissed.